# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ANGELA SCHUNCEY RICHARDSON**　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #712575**

**V.**　　　　　　　　　**No. 4:23-cv-00816-JM-ERE**

**SUSAN TOWNSEND**　　　　　　　　　　　　　　　　　　　**DEFENDANT**

## RECOMMENDED DISPOSITION

### I. Procedure for Filing Objections:

This Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Moody can adopt this Recommendation without independently reviewing the record.

### II. Background:

Angela Schuncey Richardson, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Docs. 2, 6.*[1] Ms. Richardson's complaint alleges that Internal Affairs Investigator Susan Townsend

---

[1] On September 18, 2023, Ms. Richardson filed an addendum to her complaint containing a signature page. *Doc. 6.*

committed perjury when she testified in an evidentiary hearing held on, or around, August 25, 2021, in this Court. See *Richardson v. Kelley, et al.*, E.D. Ark. Case No. 1:16-cv-154-KGB, *Doc. 132*. She sues Ms. Townsend in both her individual and official capacity seeking both monetary and injunctive relief.

### III. Discussion:

#### A. Standard

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

To survive § 1915A screening, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; instead, a prisoner must set forth "sufficient factual matter, accepted

as true, to state a claim to relief that is plausible on its face"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

### B. Witness Immunity

Ms. Richardson alleges that Ms. Townsend provided false testimony at an evidentiary hearing held in this Court on August 25, 2021. However, "[t]he general rule of the American cases is that statements made by a witness in the regular course of a judicial proceeding are absolutely privileged where they are directly or fairly responsive to questions propounded by counsel or court, or where they are relevant and pertinent to the subject of inquiry, whether they are false or malicious." *Moody v. Flens*, No. 2023 WL 3321806, 2023 WL 3321806, at *3 (E.D. Ark. May 9, 2023) (citing *Johnson v. Dover*, 143 S.W.2d 1112, 1113 (Ark. 1940); see also *Briscoe v. LaHue*, 460 U.S. 325, 335 (1983) ("In short, the common law provided absolute immunity from subsequent damages liability for all persons—governmental or otherwise—who were integral parts of the judicial process."); *Butz v. Economou*, 438 U.S. 478, 512 (1978) ("The common law recognized that 'controversies sufficiently intense to erupt in litigation are not easily capped by a judicial decree.' The loser in one forum will frequently seek another . . . Absolute immunity is thus necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation.").

Because Ms. Townsend is immune from the claims raised against her in Ms. Richardson's complaint, the complaint fails to state a plausible constitutional claim and should be dismissed.

## IV. <u>Conclusion</u>:

IT IS THEREFORE RECOMMENDED THAT:

1. Ms. Richardson's claims be DISMISSED, without prejudice, based on her failure to state a plausible constitutional claim for relief.

2. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. The Clerk be directed to close this case.

Dated 19 September 2023.

_____
UNITED STATES MAGISTRATE JUDGE