# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ANGELA SCHUNCEY RICHARDSON**                                            **PLAINTIFF**
**ADC #712575**

**V.**                          **No. 4:23-cv-00816-JM-ERE**

**SUSAN TOWNSEND and**
**ANTHONY JACKSON**                                                        **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.    Overview:**

On September 1, 2023, *pro se* plaintiff Angela Schuncey Richardson, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit

under 42 U.S.C. § 1983. *Docs. 2, 6*.[1] In her original complaint, Ms. Richardson named a single defendant, ADC Internal Affairs Investigator Susan Townsend. Ms. Richardson alleged that Ms. Townsend violated her constitutional rights by committing perjury during an evidentiary hearing held in another lawsuit that Ms. Richardson filed in this District: *Richardson v. Kelley*, *et al.*, E.D. Ark. Case No. 1:16-cv-154-KGB ("*Richardson I*").

A witness enjoys absolute immunity from civil liability for testimony provided in a judicial proceeding, even if the witness gave perjured testimony. *Briscoe v. LaHue*, 460 U.S. 325, 329–30 (1983). Accordingly, on September 19, 2023, I recommended that Ms. Richardson's complaint be dismissed based on her failure to state a plausible constitutional claim for relief. *Doc. 8*.

After I issued my Recommendation, Ms. Richardson moved to amend her complaint. *Doc. 9*. On October 10, 2023, the Honorable James M. Moody, Jr. granted Ms. Richardson's motion, declined to adopt my Recommendation, and set a deadline for Ms. Richardson to file an amended complaint. *Doc. 10*.

On November 20, 2023, Ms. Richardson filed an amended complaint, adding Anthony Jackson as a Defendant. Ms. Richardson alleges that in February 2016,

---

[1] On September 18, 2023, Ms. Richardson filed an addendum to her complaint containing a signature page. *Doc. 6*.

Defendant Jackson: (1) failed to adequately investigate her sexual harassment allegations; and (2) retaliated against her.

For the reasons explained below, Ms. Richardson's claims should be dismissed because she fails to state a constitutional claim against Defendant Townsend, and her claims against Defendant Jackson are time-barred.

### III. <u>Discussion</u>:

#### A. Standard

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

In deciding whether Ms. Richardson states a plausible claim for relief under § 1983, the Court must determine whether the allegations in the complaint, which are presumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of

undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

### B.  Defendant Townsend - Witness Immunity

In her amended complaint, Ms. Richardson again alleges that Defendant Townsend provided false testimony at an evidentiary hearing held in *Richardson I* on August 25, 2021. "The general rule of the American cases is that statements made by a witness in the regular course of a judicial proceeding are absolutely privileged where they are directly or fairly responsive to questions propounded by counsel or court, or where they are relevant and pertinent to the subject of inquiry, whether they are false or malicious." *Moody v. Flens*, No. 2023 WL 3321806, 2023 WL 3321806, at *3 (E.D. Ark. May 9, 2023) (citing *Johnson v. Dover*, 143 S.W.2d 1112, 1113 (Ark. 1940); see also *Briscoe v. LaHue*, 460 U.S. 325, 335 (1983) ("In short, the common law provided absolute immunity from subsequent damages liability for all persons—governmental or otherwise—who were integral parts of the judicial process."); *Butz v. Economou*, 438 U.S. 478, 512 (1978) ("The common law recognized that 'controversies sufficiently intense to erupt in litigation are not easily capped by a judicial decree.' The loser in one forum will frequently seek another . . . Absolute immunity is thus necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation.").

Because Defendant Townsend is immune from the claim raised against her, Ms. Richardson's proposed claim is not plausible and should be dismissed.

### C. Defendant Anthony Jackson – Statute of Limitations

The Court may dismiss a prisoner's claim at the screening stage if the complaint allegations show the claim is time-barred. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim;"); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) ("Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915(d) [predecessor of § 1915(e)(2)(B)] when it is apparent the statute of limitations has run."),

A three-year statute of limitations applies to § 1983 actions filed in Arkansas. *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018*)*. Here, Ms. Richardson's constitutional claims against Defendant Jackson arose from events that occurred in February 2016, the limitations period expired on September 1, 2020, and Ms. Richardson initiated this lawsuit on September 1, 2023. In addition, Ms. Richardson alleges no facts that arguably support tolling the limitations period.[2] Accordingly, on the four corners of the complaint, the claims against Defendant Jackson are time-barred.

---

[2] In her amended complaint, Ms. Richardson references "relation back problems" and John

5

IV.     **Conclusion:**

IT IS THEREFORE RECOMMENDED THAT:

1.     Ms. Richardson's claims be DISMISSED, without prejudice, based on her failure to state a plausible constitutional claim for relief.

2.     In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3.     The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4.     The Clerk be directed to close this case.

Dated 29 November 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

Doe defendants. *Doc. 15 at 1*. Rule 15(c) of the Federal Rules of Civil Procedure specifies the conditions under which an amendment to a pleading relates back to the date of the original pleading for purposes of the statute of limitations. Here, Ms. Richardson filed her original complaint more than three years after her claims against Defendant Jackson arose, and Rule 15(c)'s relation-back rules have no application.